Jesus Ocasio-Morales, Plaintiff-Appellant, *v.* Fulton Machine Company *et al.,* Defendants-Appellees.

(No. 54937;

First District (4th Division)—March 14, 1973.

Mitgang, Levine & Schwartz, of Chicago, (John B. Schwartz, of counsel,) for appellant.

Jacobs, Williams and Montgomery, of Chicago, (Wyatt Jacobs, C. Barry Montgomery, and J. Scott Myers, of counsel,) for appellees.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

Plaintiff, Jesus Osasio-Morales, brought an action to recover damages for personal injuries suffered when a gear broke on a machine he was operating. The jury entered a verdict in favor of defendants, Fulton Machine Company and Chicago Pulley & Shafting Co., and answered two special interrogatories consistent with its verdict. The trial court

entered judgment in favor of the defendants and against the plaintiff, from which plaintiff appeals.

On September 12, 1962, plaintiff was injured while operating a Baird Clay Moulding machine for his employer, Weingart Pottery Corporation. The injury to plaintiff's left hand occurred when a pinion, or spur gear within the machine fractured.

The record reveals that prior to the time the gear broke, in April, 1962, Weingart Pottery Corporation placed an order with Chicago Pulley & Shafting for a pinion gear to replace a worn gear in its Baird Clay Moulding machine. On April 11, 1962, defendant Fulton received an order from Chicago Pulley & Shafting to manufacture a pinion gear per sample. Fulton filled the order and returned the new gear to Chicago Pulley for delivery to Weingart.

■■ Plaintiff first contends that the admissions made by Fulton in its answer to interrogatories submitted to it by plaintiff and by its attorney in his opening statement to the jury should have precluded any testimony by Fulton that it did not make the gear that was fractured, and should have precluded the giving of the special interrogatory as to whether Fulton made the gear which resulted in plaintiff's injury. We are not in accord. Fulton admitted manufacturing a gear per sample, but denied, in its pleadings and throughout the trial, manufacturing the fractured gear which led to plaintiff's injury. It appears to us that the identity of the broken gear was clearly at issue throughout the trial of this case.

Plaintiff next alleges that the trial court erred in permitting Harvey Bauss of the Simmons Boiler & Machine Company to testify on behalf of Fulton. Plaintiff points out that Fulton's supplemental interrogatory answer filed on May 12, 1969, three days before the cause was assigned for trial, did not list either Harvey Bauss or Simmons Boiler Company employees among persons having knowledge of the facts.

■■ The question of the appropriate sanction, if any, to be employed by the trial court for failure to list a witness in response to a proper interrogatory is within the discretion of the trial court. (*Granger v. Turley*, 20 Ill.App.2d 488, 491, 156 N.E.2d 610, 612.) Some criteria to weigh in determining whether a sanction should be employed are, surprise to the opponent, the good faith of the party calling the witness, equal opportunity and access of the opponent to interview or depose the witness before trial, and prejudice to the opponent from the testimony. *Buckler v. Sinclair Refining Co.*, 68 Ill.App.2d 283, 290, 216 N.E.2d 14, 18.

The record reflects that on May 12, 1969, in an exchange of documents, plaintiff's counsel received a brochure put out by Simmons on the Baird Clay Moulding machine. The record also shows that Joseph Fox, presi-

dent of Weingart, testified at his deposition on August 31, 1967, that Weingart had purchased gears from Simmons, the manufacturer of the machine. Under these circumstances, plaintiff could not have been surprised by the testimony of a Simmons employee at trial, and in fact could have contacted the Simmons Company himself.

■■ Bauss stated at trial that he had no knowledge of the lawsuit until one day before he was called as a witness. Thus Fulton's failure to include him on the list of persons having knowledge of the facts could not have been intentional. Moreover, his testimony that the cause of the fracture was improper installation was merely corroborative of that of Edward McLean and Paul Neiman, and therefore could not have been prejudicial to the plaintiff. Considering all of these factors, we cannot say the trial judge abused his discretion in permitting Bauss to testify.

■■ Plaintiff also contends that the blueprints produced at trial by Bauss, which contained specifications for the pinion gear involved in the occurrence, were improperly received in evidence because they were merely duplicate prints made by Simmons in 1964 from the original 1946 prints. Plaintiff charges that the prints were inadmissible under the best evidence rule. We find no merit to this contention. Bauss testified that a series of smaller sketches and drawings were consolidated into larger prints in 1964 for reasons of practicality. This was done in the ordinary course of business, long before Simmons was aware of this litigation. Since the firm's manufacturing business depended upon the accuracy of its prints, it would have had no reason to falsify them.

Plaintiff next objects to the modification of two strict liability instructions by the insertion of the words "by reason of the fact that the defendants failed to supply a pinion gear in accordance with the sample provided." Plaintiff argues that the modification had the effect of reducing the doctrine of strict liability to plain negligence.

The evidence showed that the defendant received a sample gear to copy. Fulton was given no explanation as to the nature or intended use of the gear. Thus the only duty it had was to manufacture a new gear per sample. In our view, the modification by the court of plaintiff's instructions correctly expressed this duty.

■■ We note also that Fulton principally defended the lawsuit on two grounds: (1) that it did not manufacture the gear which caused plaintiff's injury, and (2) that the gear it manufactured was properly made and that the fracture was the result of other causes. The jury in answer to a special interrogatory found that Fulton did not manufacture the gear which caused the injury. Under these circumstances, we are of the opinion that the giving of the instructions did not constitute reversible error.

Plaintiff also complains that certain of defendants' witnesses were not

qualified to give expert opinion as to the cause of the fracture of the gear. We reject this contention. Harvey Bauss testified he had been employed by the Simmons Boiler Company as vice-president in charge of sales and engineering since 1951. He held a master's degree in civil engineering. Edward McLean testified he was an industrial engineer and had been connected with firms that manufacture machine tools and special machinery of all types. Since 1946, he has been an engineering consultant. In February, 1966, he examined a Baird Clay Moulding machine at the Weingart Pottery Company, Paul Neiman, treasurer of Fulton, stated he had been with Fulton since 1934. He testified that he had over 40 years experience with steel and steel products. He had seen and examined the fractured gear which was received into evidence.

■■■ Expert testimony is admissible when the witness offered as an expert has peculiar knowledge or experience not common to the ordinary layman which renders his opinion an aid to the jury. (*People v. Jennings*, 252 Ill. 534, 550, 96 N.E. 1077, 1083.) The determination of the expert's qualifications is within the sound discretion of the trial court. (*Buckley v. Sinclair Refining Co.*, 68 Ill.App.2d 283, 293, 216 N.E.2d 14, 19.) We conclude that these three expert witnesses disclosed sufficient knowledge of the subject matter and that the trial court properly permitted them to testify.

■■■ We reject the contention that the trial court erred in denying plaintiff's request that plaintiff's Exhibit B be admitted into evidence. Joseph Fox, President of Weingart Pottery, testified that Exhibit B "is a gear similar to the one that we would order another gear from, identical in structure." When asked if it was the sample gear he claimed to have given to Chicago Pulley he answered "I don't know." The court correctly ruled that Exhibit B lacked the proper foundation to qualify as real evidence. In *Smith v. Ohio Oil Co.*, 10 Ill.App.2d 67, 75, 134 N.E.2d 526, 530, the Appellate Court described real evidence as the production of some object which had a direct part in the incident. Whether the court should have allowed Exhibit B as demonstrative evidence as an aid to the jury was a matter resting within the discretion of the trial court. We cannot say he abused his discretion in refusing to admit it.

Plaintiff further contends that the verdict and answers to the special interrogatories were against the manifest weight of the evidence. The jury specifically found that plaintiff had not proven that the fractured gear was manufactured by Fulton, or that the gear manufactured by Fulton was not made as per sample. The general verdict was consistent with the answers to the special interrogatories.

The thrust of plaintiff's objection is that Fulton and Chicago Pulley in answer to interrogatories and in opening argument admitted that

Fulton manufactured the fractured gear. We have previously discussed this contention and have pointed out that Fulton only admitted that it made a gear for Chicago Pulley as per sample, but maintained throughout the trial that it did not manufacture the gear which resulted in plaintiff's injury.

■■ Paul Neiman, treasurer of Fulton, testified that the gear his company made, had a set screw and that one hour's work was charged for putting in a set screw. He stated that he had examined plaintiff's Exhibit A, the fractured gear, and that it did not have a set screw. Furthermore, there was evidence that the fracture was caused by improper installation of the gear and that the key did not fit properly. We conclude that the verdict and answers to the two interrogatories were fully supported by the record and that the judgment entered was not manifestly against the weight of the evidence.

Finally, plaintiff argues that the trial court erroneously excluded an engineering report of the Charles C. Kawin Company. At the request of Fulton, the Kawin Company made an examination of the fractured gear. M. F. Surls, a metallurgical engineer who was the author of the report, died several years before the trial. Plaintiff urges that this report should have been admitted into evidence as an admission of business records under Supreme Court Rule 236, ch. 110A, Ill. Rev. Stat. 1969, par. 236. We do not agree.

■■ The credibility of any business record depends upon the regular, prompt and systematic nature of the entries and the fact that they are relied on in the operation of a business. (McCormick, *Evidence* (1954), §§ 281-290.) In the situation at hand, not only is the report not a routine business entry, but it was made subsequent to the accident with a view to possible litigation. In our view, the report was clearly inadmissible.

The judgment of the Circuit Court is affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.