(No. 55352.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL MORMON, Appellee.

*Opinion filed October 22, 1982.*

Tyrone C. Fahner, Attorney General, of Springfield and Richard M. Daley, State's Attorney, of Chicago (Mel-

bourne A. Noel, Jr., Assistant Attorney General, of Chicago, and Michael E. Shabat, Georgia A. Buglass, and Joel A. Stein, Assistant State's Attorneys, of counsel), for the People.

Steven Clark, Deputy Defender, and Susan Kaplan, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In a bench trial in the circuit court of Cook County, defendant, Michael Mormon, was convicted of armed robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—2), rape (Ill. Rev. Stat. 1979, ch. 38, par. 11—1), deviate sexual assault (Ill. Rev. Stat. 1979, ch. 38, par. 11—3), and armed violence based on the rape (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2). Defendant was sentenced to concurrent terms of 20 years for rape, 15 years for armed robbery, 25 years for deviate sexual assault, and 20 years for armed violence. The appellate court held that because the convictions for rape and armed violence arose from the same physical act (*People v. King* (1977), 66 Ill. 2d 551, *cert. denied.* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273) the armed-violence conviction, as the less serious of the two offenses, must be vacated. (97 Ill. App. 3d 556, 568.) We allowed the People's petition for leave to appeal. 73 Ill. 2d R. 315.

The facts are adequately stated in the opinion of the appellate court and need not be repeated here. At oral argument the People conceded that in *People v. Donaldson* (1982), 91 Ill. 2d 164, this court held that convictions for armed violence and the underlying felony cannot stand if both arise out of the same physical act. The People contend, however, that the facts of this case are distinguishable from *Donaldson* in that defendant here committed two separate acts, one by using force to coerce complain-

ant into having sexual intercourse, and the other by carrying a weapon while committing the offense. Thus, the People conclude, the use of the weapon constituted a separate use of force to perpetrate the rape and defendant may be convicted of both crimes because there were two separate criminal acts.

We find *Donaldson* indistinguishable. In *Donaldson*, a weapon was used to cause the great bodily harm on which the charge of aggravated battery was based. Here, a weapon was used to overcome the complainant's will. In both cases the use of the weapon was an element of the "force" involved in the offense. In neither case was the use of a weapon an element of the underlying felony.

The People argue, "By holding that only one conviction may stand, the statute serves no purpose" and defeats the legislative intent that a rapist who uses a weapon be more severely punished than a rapist who does not. They argue that because both rape and armed violence are Class X felonies (Ill. Rev. Stat. 1979, ch. 38, par. 11—1(c); ch. 38, par. 33A—3(a)) an armed rapist will receive no greater penalty than an unarmed rapist, thus frustrating the General Assembly's intent that an additional sentence be imposed.

It is true that where the underlying felony is a Class X felony a defendant who commits the crime while armed will not be subject to an enhanced penalty under the armed-violence statute. While it is apparent that the General Assembly was concerned with the possession of weapons during the commission of felonies, as we said in *People v. Donaldson* (1982), 91 Ill. 2d 164, 170:

> "In the absence of a clear legislative expression to the contrary we hold that multiple convictions for both armed violence and the underlying felony cannot stand where a single physical act is the basis for both charges."

For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*