THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* SERGEI HOLOWKO, Defendant-Appellee.

First District (5th Division)   No. 83—826

Opinion filed May 25, 1984.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Marie Quinlivan, and Neil J. Linehan, Assistant State's Attorneys, of counsel), for the People.

Adam N. Stillo, Jr., of Alan Masters, P.C., of Argo-Summit, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

The State has taken this interlocutory appeal pursuant to Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)) from the trial court's order granting defendant's motion *in limine* to exclude from evidence certain telephone records which the State sought to introduce at trial.

Defendant was charged by misdemeanor complaint on January 3, 1983, for the offense of harassment by telephone (Ill. Rev. Stat. 1981, ch. 134, par. 16.4—1(1)). The complaint alleged that defendant did make a phone call with conversation, at which time he made a comment which was obscene with intent to offend the complainant.

Prior to trial, defendant filed a motion *in limine*, alleging that he was charged with the offense of harassment by telephone; that as part of their investigation of said offense, the Palos Park police and Illinois Bell Telephone Company placed a trap on complainant's telephone; and that as a result of that investigation, certain records were made by the Illinois Bell Telephone Company pertaining to the trap which defendant believed the State would seek to introduce into evidence against him. Further, it alleged that such records were inadmissible because said records were made as part of anticipated litigation and in the course of an investigation. Ill. Rev. Stat. 1981, ch. 38, par. 115—5(c)(2).

On March 31, 1983, the motion *in limine* was heard. Defendant argued that telephone records which the State sought to introduce were inadmissible because they were kept pursuant to an investigation or a contemplated investigation. He further called upon the court to follow a prior evidentiary ruling involving this same defendant and offense, in which the same motion *in limine* was sustained.

In response, the State argued that the police department and phone company must make some type of inquiry as to where the of-

fense telephone calls originate from when a complaint is made; that there was no investigation pending at the time the phone company put a trap on complainant's phone line; and that the trial court's granting of defendant's motion would render section 16.4—1, requiring telephone companies to cooperate with police investigations, useless.

Relying on testimony from the prior evidentiary hearing concerning this same defendant which established that the telephone company installed the "trap" at the request of police, the trial court "saw no alternative but to grant" defendant's motion. Further, the court granted the State's motion to strike with leave to reinstate their action.*

The State thereafter filed a notice of appeal pursuant to Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)) on April 6, 1983, certifying that the suppression of these telephone records substantially impaired the State's ability to prosecute the instant action.

The State raises one issue on appeal: whether the trial court erred as a matter of law in granting defendant's motion *in limine* barring the admission of evidence obtained through the telephone company's "trap" on complainant's phone line. The defendant's brief raises the additional issue of whether the State's prosecution of this case was so impaired by the trial court's order granting defendant's motion *in limine* so as to allow the State an appeal from this order under Supreme Court Rule 604(a).

Opinion

We first turn to consider the jurisdictional issue as to whether the State is allowed to appeal the trial court's pretrial order granting defendant's motion *in limine*.

Defendant relies on his motion to dismiss the appeal, taken with this case, for his position that these telephone "trap" records are merely corroborative of the acts alleged by the State in its complaint, and therefore in no way "substantially impair" the State's ability to prosecute this matter.

It is the State's position that Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)) allows the interlocutory appeal of this pretrial order granting defendant's motion *in limine* upon the State's certification

---

*Although the State entitled its motion as a motion to "strike with leave to reinstate," it is clear from the comments of the trial court that it was the court's intention to stay these proceedings pending appeal. Defendant's position on appeal is not inconsistent with this interpretation.

to the trial court that its ability to prosecute the instant case has been substantially impaired as a result of the trial court's order.

Supreme Court Rule 604 provides in relevant part that "[i]n criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** suppressing evidence." 87 Ill. 2d R. 604(a)(1).

The State principally relies on the supreme court's holding in *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, where the court stated:

> "Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order *whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case.* Our intention in requiring this certification is not to formulate a standard by which courts may determine the appealability of a particular order. As this court noted by *Van De Rostyne*, that would indeed be a heavy burden, one which we do not believe justified by the marginal dimunition in the number of appeals which we anticipate such a procedure would produce. *Instead we rely solely upon the good-faith evaluation by the prosecutor* of the impact of the suppression order on his case." (Emphasis added.) *People v. Young* (1980), 82 Ill. 2d 234, 247, 412 N.E.2d 501.

Our supreme court in *Young* expressed the concern that "without the guidance and uniformity imposed by reviewing courts, erroneous interpretations and rulings may proliferate at the trial court level." (82 Ill. 2d 234, 246, 412 N.E.2d 501, 507.) It further found that the difficulties posed by the allowance of such appeals were outweighed by the "need to ensure the accurate interpretation of constitutional and statutory provisions and to protect the ability of the trial process to ascertain the truth of the factual allegations involved in a criminal trial." 82 Ill. 2d 234, 247, 412 N.E.2d 501.

■ Under Supreme Court Rule 604(a), the pretrial suppression order need not be premised on evidence illegally obtained; rather, it may concern evidentiary rulings regarding hearsay and relevancy. (*People v. McQueen* (1983), 115 Ill. App. 3d 833, 836, 450 N.E.2d 921, 922.) In the instant case, the "substantive effect" of defendant's motion *in limine* operated to prevent evidence from being admitted at trial. (See *People v. Phipps* (1980), 83 Ill. 2d 87, 413 N.E.2d 1277.) We therefore conclude that the State may appeal the trial court's order of March 31, 1983, and we reject the defendant's attempt to distinguish *Young* on this ground.

■ We next consider the State's position that the trial court

erred as a matter of law in granting defendant's motion *in limine* barring the admission of evidence obtained through the telephone company's "trap" on complainant's phone line because they were compiled as part of an investigation.

The trial court granted defendant's motion *in limine* pursuant to section 115—5(c)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—5(c)(2)), which provides in pertinent part:

> "No writing or record made in the regular course of any business shall become admissible as evidence *** if *** [s]uch writing or record has been made by anyone during an investigation of an alleged offense or during an investigation relating to pending or anticipated litigation ***."

In granting defendant's motion, the trial court found that, based on testimony from a prior evidentiary hearing involving the same defendant and offense, the telephone "trap" device had been installed as a result of an investigation, and therefore should be barred from evidence pursuant to section 115—5(c)(2).

The State conversely contends that the telephone "trap" records that it seeks to admit into evidence are clearly admissible as business records under section 115—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—5(a)), which provides in part:

> "Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.
>
> All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility."

In support of its position, the State cites *People v. Reed* (1982), 108 Ill. App. 3d 984, 439 N.E.2d 1277, and *People v. Gauer* (1972), 7 Ill. App. 3d 512, 288 N.E.2d 24.

In *People v. Reed* (1982), 108 Ill. App. 3d 984, 439 N.E.2d 1277, this court allowed computerized telephone bills of a named unindicted co-conspirator and the telephone company's service record of his phone calls made to defendant admitted into evidence as a business

record exception to the hearsay rule. (Ill. Rev. Stat. 1979, ch. 38, par. 115—5(a).) The *Reed* court simply stated the theory upon which entries in the regular course of business are exceptions to the hearsay rule: "[S]ince their purpose is to aid in the proper transaction of business and they are useless for that purpose unless accurate, motive for following a routine of accuracy is great and the motive for falsifying nonexistent." *People v. Reed* (1982), 108 Ill. App. 3d 984, 989, 439 N.E.2d 1277.

In *People v. Gauer* (1972), 7 Ill. App. 3d 512, 288 N.E.2d 24, this court held that testimony of earlier telephone calls "trapped" by telephone company traces could be received in a case brought under the disorderly conduct statute (Ill. Rev. Stat. 1969, ch. 38, par. 26—1(a)(2)), as evidence of intention or design of the defendant to annoy the complaining witnesses, provided an adequate foundation is laid. Further, the court in *Gauer* stated: "In the light of the general use of electronic computing and recording equipment in the business world and the reliance of the business world on them, the scientific reliability of such machines can scarcely be questioned." *People v. Gauer* (1972), 7 Ill. App. 3d 512, 514, 288 N.E.2d 24.

Defendant conversely argues that neither *People v. Gauer* nor *People v. Reed* address the investigation exception provision of section 115—5(c)(2) (Ill. Rev. Stat. 1981, ch. 38, par. 115—5(c)(2)), and are therefore inapplicable to the case at bar. On the other hand, the State maintains that these records were not made pursuant to an investigation.

It is well established that section 115—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—5), which both parties to this controversy seek to apply, provides for the admission "as a hearsay exception" of records of regularly conducted activities of any business. (See E. Cleary & M. Graham, Handbook of Illinois Evidence sec. 803.10, at 567 (4th ed. 1984).) This exception to the hearsay rule, whether applied at a civil or criminal trial, is premised on regular, prompt and systematic entries and the fact that these entries are routinely relied on in the operation of a business. (*Terminal-Hudson of Illinois, Inc. v. Goldblatt Brothers, Inc.* (1977), 51 Ill. App. 3d 199, 366 N.E.2d 486; *Ocasio-Morales v. Fulton Machine Co.* (1973), 10 Ill. App. 3d 719, 295 N.E.2d 329; 2 Jones on Evidence secs. 12.1, 12.11 (6th ed. Gard 1972).) Because the purpose of these records is to aid in the proper transaction of business, motive for following a routine of accuracy is great and the motive for falsifying nonexistent. *People v. Reed* (1982), 108 Ill. App. 3d 984, 989, 439 N.E.2d 1277; E. Cleary & M. Graham, Handbook on Illinois Evidence sec. 803.10, at

567 (4th ed. 1984).

Moreover, it has been established in Illinois that computer records are admissible into evidence in either civil or criminal cases providing a proper foundation has been established. See *Grand Liquor Co. v. Department of Revenue* (1977), 67 Ill. 2d 195, 367 N.E.2d 1238 and *Department of Mental Health v. Beil* (1976), 44 Ill. App. 3d 402, 357 N.E.2d 875 (civil cases); *People v. Mormon* (1981), 97 Ill. App. 3d 556, 422 N.E.2d 1065, *aff'd* (1982), 92 Ill. 2d 268, 442 N.E.2d 250; *People v. Boyd* (1978), 66 Ill. App. 3d 582, 384 N.E.2d 414 (criminal cases).

We recognize that other jurisdictions have found computerized telephone records admissible into evidence under various common law and statutory exceptions to the hearsay rule. See *United States v. Jones* (5th Cir. 1977), 554 F.2d 251, *cert. denied* (1977), 434 U.S. 866, 54 L. Ed. 2d 142, 98 S. Ct. 202; *United States v. Verlin* (N.D. Tex. 1979), 466 F. Supp. 155 (dealing with the admission of such records under Fed. R. Evid. 803(6)); see also *Brandon v. State* (1979), 272 Ind. 92, 396 N.E.2d 365; and *State v. Hunnicutt* (1980), 44 N.C. App. 531, 261 S.E.2d 682 (allowing computerized telephone records into evidence via common law business records exception to the hearsay rule).

■ However, in the instant case, we are presented with the application of section 115—5(c)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—5(c)(2)), which codified an exception to the common law "shop records rule" which recognizes that business records made in anticipation or during the pendency of litigation do not possess the same trustworthiness as records which are prepared at a time when there is no motivation to falsify. (See *People v. Mormon* (1981), 97 Ill. App. 3d 556, 422 N.E.2d 1065, *aff'd* (1982), 92 Ill. 2d 268, 442 N.E.2d 250.) In the same vein, it has been established that police reports are generally not admissible into evidence when used to divulge substantive information (*People v. Morris* (1978), 65 Ill. App. 3d 155, 161, 382 N.E.2d 383), yet they may be used for impeachment, to refresh a witness' recollection or as past recollection recorded. *People v. Walls* (1980), 87 Ill. App. 3d 256, 408 N.E.2d 1056.

It is our opinion that section 115—5(c)(2) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—5(c)(2)) clearly precludes the admission into evidence of any business record which would have normally come into evidence under the business records exception to the hearsay rule (Ill. Rev. Stat. 1981, ch. 38, par. 115—5(a)) if that record was made "by *anyone* during an investigation of an *alleged* offense." Ill. Rev. Stat. 1981, ch. 38, par. 115—5(c)(2).

■ Our careful review of this record indicates a finding of fact made by the trial judge that "the telephone company installed the device at the request of the police," based upon testimony received in a prior evidentiary hearing involving this same defendant and type of offense. Therefore, the telephone company merely acted as a conduit for the police in their investigation of defendant's alleged offense. This determination is not challenged on appeal.

Given this finding and the clarity of the statute, we must conclude that these computerized telephone "trap" records, although undoubtedly admissible in many other situations under section 115—5(a) (Ill. Rev. Stat. 1981, ch. 38, par. 115—5(a)), were properly barred from evidence by the trial court, as it is within the trial court's inherent power to admit or exclude evidence via a motion *in limine*. *People v. Williams* (1978), 60 Ill. App. 3d 529, 377 N.E.2d 367.

We therefore affirm the ruling of the trial court.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.