THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AUGUST CIRCELLA, Defendant-Appellant.

(No. 54699;

First District—June 5, 1972.

Julius Lucius Echeles and Frederick F. Cohn, both of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and George Elsener, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LYONS delivered the opinion of the court:

Following a trial by jury August Circella was convicted of two counts of theft and one of bribery. (Ill. Rev. Stat. 1965, ch. 38, pars. 16—1(d) and 33—1(b) respectively.) Judgment was entered on the verdicts and he was sentenced to a term of not less than one nor more than five years in the Illinois State Penitentiary for each offense, all terms to run concurrently. Defendant has raised a number of points in his brief, however, we believe that an additional issue brought out at oral argument in this court is dispositive of the case. We limit our recitation of the facts to those necessary to full understanding of this additional issue.

On November 16, 1967, certain Chicago police officers executed a search warrant for the premises located at 350 South State Street. The facility searched was the Follies Theater, of which defendant was the manager. Although the warrant specified that the search was to be conducted for narcotics, the officers seized an adding machine and typewriter which they discovered in defendant's office. The grand jury subsequently returned indictments against the defendant charging him with the theft of these articles.

Prior to trial defendant moved that the warrant be quashed and that the evidence seized be suppressed. This motion was allowed. On motion of the State the charges were stricken with leave to reinstate. The State also filed a notice of appeal to this court from the order quashing the warrant and suppressing the evidence. No further steps were taken to present the question of the propriety of the trial court's ruling to this court.

Nearly three months thereafter additional indictments charging defendant with bribery of two Chicago police officers were secured and filed with the trial court. (These offenses were alleged to have occurred on the day of and to have arisen from and incidental to the search.) The State then filed a motion which prayed that it be allowed to "withdraw" its notice of appeal; that the order allowing defendant's motion to quash the warrant and suppress evidence be vacated; and that the original charges be reinstated. This motion was allowed by the court in its entirety and trial was had on all indictments. During the course of trial the above mentioned articles were admitted into evidence against the defendant not only to establish an element of the offense of theft, but also to establish the background for and lend credibility to the charges of bribery.

Even without considering the merits of defendant's motion to quash

the warrant and suppress the fruits of the search we must conclude that their admission into evidence against him was error requiring a new trial.

The matter of appeals, both civil and criminal, is governed by Supreme Court Rules. Rule 604 (Ill. Rev. Stat. 1967, ch. 110A, par. 604) provides, *inter alia*, that the State may appeal from an order quashing a warrant or suppressing evidence. It was pursuant to this rule that the State's notice of appeal was filed. The appealability of such orders has led the Supreme Court to hold that the State's failure to appeal constitutes a bar to further consideration of the propriety of the trial court's ruling by another judge of that court in a later proceeding, appeal being the only permissible means of review. *People v. Taylor* (1972), 50 Ill.2d 136, 277 N.E.2d 878. See also, *People v. Roland* (1972), 5 Ill.App.3d 53, (N.E.2d).

■■ We believe that a similar result should obtain under the present circumstances, *i.e.*, where the jurisdiction of this court has been invoked by the filing of a notice of appeal and the appeal has been subsequently abandoned. The only jurisdictional step in perfecting an appeal is the filing of a notice of appeal. Once that step has been taken and the jurisdiction of this court has thereby been invoked, the trial court loses jurisdiction to reconsider the merits of the cause as they relate to the order or judgment specified in the notice of appeal. The only action which the trial court may then take with respect to the cause are those ministerial acts specified by Rule. There exists no provision which would allow the trial court to authorize a "withdrawal" of the notice of appeal to the end that its own jurisdiction over the merits would be reinstated. It follows that the order quashing the warrant and suppressing the evidence was and remains a viable order unaffected by the purported "withdrawal" of the notice of appeal and order of vacation. In addition, the appeal by the State having been abandoned, the propriety of the order of suppression may not now be disputed. The fruits of the search were erroneously admitted into evidence.

The judgments of conviction must be reversed and the cause remanded for a new trial. We believe that fairness requires that the new trial extend to the bribery as well as theft charges since, as noted above, the erroneously admitted evidence was presented only to establish an element of the charge of theft, but also to prove the circumstances of and lend credibility to the charge of bribery. We cannot fairly say that the evidence so presented played no significant part in the jury's determination of guilt with respect to the bribery charge.

Judgment reversed and cause remanded for a new trial.

Reversed and remanded.

GOLDBERG, P. J., and BURKE, J., concur.