THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SPINKS, Defendant-Appellant.

Third District No. 79-492

Opinion filed January 29, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In this appeal, the defendant, James Spinks, challenges the propriety of the sentences imposed after he pleaded guilty to two counts of burglary. Imposed were two six-year terms of imprisonment, to be served concurrently.

According to the factual basis offered by the State during the plea proceedings, on March 3, 1979, Steven C. Crip returned with his wife to their residence at approximately 7 p.m. At that time the pair discovered that the front door of their residence had been broken out and that a speaker located on the front porch, as well as numerous other stereo components and cameras, had been removed from the residence. A later investigation of the crime scene turned up a latent fingerprint inside the residence. This print was compared with the known impression of the right thumb of the defendant, and the comparison was positive. An additional crime was discovered at approximately 11:30 p.m. on March 5, 1979, when Christina Macuk and Thomas Merrick returned to their residence at 500 E. Pennsylvania Street in Peoria, Illinois. At that time they discovered that the front door glass had been broken and entry had been gained into the residence. Further investigation revealed that various items, including a stereo, a tape and cassette deck, stereo speakers, amplifiers and some rings had been removed from the residence. During a subsequent police investigation officers had occasion to search defendant's room at the Julian Hotel and therein discovered numerous items which had been taken in the burglary of the Macuk and Merrick residence. The defendant acknowledged that he had in fact

broken into the two named residences, removed items from therein, and did not have authority to do so.

During the mitigation portion of the sentencing hearing James Spinks assumed the stand. Among other things, the defendant testified that he had received college credits from the United States Armed Forces Institute during the two years he was stationed in Vietnam. He had served a total of eight years in the armed forces and received the bronze star medal for combat-related experiences. He was involved with the invasion of Cambodia while assigned to the First Air Cavalry Division. During this particular time his duties included calling in artillery rounds in support of ground troops engaged in battle. Spinks spent two years in Vietnam and at the time of his discharge had attained the rank of staff sergeant. The defendant had a disability grievance pending with the Veterans Administration for a foot injury received in Vietnam as well as a head and back injury sustained in Korea, and he was, at that time, under a doctor's care for those same injuries. In addition, the defendant testified he is married to a woman from Thailand he met while in the service and they have two small children.

At the sentencing hearing the trial court did strike that portion of the presentence report which indicated that the defendant had not successfully completed the terms of a probation which had been imposed on the earlier forgery conviction. However, the defendant did testify at that hearing, held on May 25, 1979, that he did not report to his probation officer for two months during the winter of 1977 because of bad weather and that he had failed to report to his probation officer since February 1978.

The defendant's mother was contacted by the presentence investigator prior to sentencing. She indicated that the defendant suffered a head injury when he was 15 years old and that the defendant "has never been the same since." At that time, the defendant's mother had a nervous breakdown and the defendant was placed at the "youth farm" for a period of time. She also told the investigator that she had custody of the defendant's oldest son, Narony, age four, and that she had had custody of the child since he was one year old, due to the fact that the defendant's wife beat the child and cut him. Finally, the defendant's mother expressed a strong belief that her son was a very sick person in need of mental health treatment.

After considering the nature and circumstances of the offense and the history and character of the defendant, the trial court concluded that imprisonment was necessary for the protection of the public, and that probation or conditional discharge would deprecate the seriousness of the defendant's conduct and would be inconsistent with the ends of justice. The trial court took into account the fact that the defendant was previously granted probation, and that probation was not successful in

curtailing the defendant's criminal activities. The defendant was unemployed at the time of his arrest and sentencing, although he testified that he was seeking employment at the time of the sentencing hearing. The court also noted that it considered home burglaries serious offenses with the potential for serious physical harm, although no one was injured in the instant offenses. The court finally noted that there was no provocation for the offenses, that there were no grounds to excuse or justify the conduct of the defendant, and that the defendant was not induced or facilitated by someone other than himself.

■■ Although the legislature, by enacting new elaborate and detailed sentencing criteria, has expressed an intent to implement a broader standard of appellate review (*People v. Cox* (1979), 77 Ill. App. 3d 59, 396 N.E.2d 59), the legislature did not intend to confer a *de novo* standard of review. (*People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670). The sentence appealed from is presumed to be proper (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—4.1), and only where this presumption has been rebutted by an affirmative showing of error will a reviewing court reduce the sentence. *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.

The defendant argues that a sentence greater than the three-year minimum (Ill. Rev. Stat. 1977 & 1978 Supp., ch. 38, pars. 19—1(b), 1005—8—1(a)(5)) was not appropriate. This argument is not affirmatively established by reference to evidence or testimony of record. While the defendant's argument attempts to minimize the aggravating factors of his prior offense and the necessity to deter others to commit the same crime (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2 (a) (3), (7)), the defendant can not deny the existence of these factors.

On the other hand, the defendant claims that minimum sentences are required after a consideration of the following mitigating factors: (1) The defendant's criminal conduct neither caused nor threatened serious physical harm to another; (2) the defendant did not contemplate that his conduct would cause or threaten serious physical harm to another; (3) the defendant's character and attitudes indicate he is unlikely to commit another crime; (4) the defendant's imprisonment would entail excessive hardship to his dependents; and (5) imprisonment would endanger his medical condition. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1 (a) (1), (2), (9), (11), (12).) The existence of these last three factors is not supported by the record.

Since the defendant was unemployed at the time of his arrest and at the time of sentencing, it is unlikely that the defendant's dependents will suffer any greater hardships than those they already endure. Furthermore, at least one of his children has been cared for by his mother for several years. As for the defendant's medical condition, although the defendant testified to the nature of that condition, there is nothing in the record

which establishes that imprisonment would, or could, endanger his medical condition. An affirmative showing must be more than mere argument. There must be evidence to rebut the presumption. See *People v. Choate* (1979), 71 Ill. App. 3d 267, 389 N.E.2d 670.

Nor is there evidence that the defendant's character and attitude are such that he is unlikely to commit another crime. In fact, the evidence is to the contrary. This defendant was still on probation for a forgery conviction when he committed these two, independent burglaries. In the meantime, he had disregarded other conditions of probation. These facts indicate a disregard and disrespect for the law. Moreover, the defendant has not, and could not argue that the defendant's criminal conduct resulted from circumstances unlikely to recur. Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.1(a)(8).

Burglary, as is forgery, is an offense which often occurs when the perpetrator needs funds, and that circumstance may certainly recur. Although the defendant was seeking employment and was currently going to college, intending to complete his education, these facts do not establish that the circumstances which caused the defendant to commit the burglaries are unlikely to recur and that the defendant's attitudes have changed to such an extent that, were these circumstances to recur, he is unlikely to commit another crime.

In addition, the defendant has failed to refer us to any portion of the record which would indicate that the defendant did not contemplate serious physical harm to another. We agree with the trial court that burglary is a very serious offense with the potential for serious physical harm. And, in the absence of any proof that the defendant did not contemplate serious physical harm, we can not agree that the defendant has established the existence of this mitigating factor.

Lastly, while no serious physical harm to another was caused or threatened by the defendant's criminal conduct, we do not believe this factor alone can overcome the aggravating factors involved, since the fact that serious physical harm was neither caused nor threatened may have resulted only from the defendant's good fortune that an enraged homeowner had not returned to the residence while the defendant was in the midst of the burglary. In short, the defendant had no opportunity to cause or threaten serious physical harm. As a result, the mitigating nature of this factor is somewhat reduced.

■■ Since the defendant has failed to make an affirmative showing that the sentences imposed are erroneous, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.