THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
AARON BAKER, Defendant-Appellant.

Second District   No. 79-244

Opinion filed July 1, 1980.

Mary Robinson and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, and Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Aaron Baker, was charged by information with two counts of theft and one of burglary. On January 13, 1977, following a jury trial, he was found guilty and judgments were entered against him on all three counts. At the sentencing hearing on March 14, 1977, on motion of the State's Attorney, the trial court vacated the judgments on the theft

charges and imposed a sentence of two to six years on the burglary charge. The defendant appealed his burglary conviction, and this court reversed his conviction in *People v. Baker* (1978), 59 Ill. App. 3d 100. This court's mandate did not include a remandment to the trial court for any purpose. After this court issued its mandate, the State motioned the trial court to reinstate the judgments of conviction on the theft charges and to impose sentence thereon. In light of the fact that the burglary conviction had been reversed, on April 28, 1978, and within 30 days of the issuance of this court's mandate, the trial judge reentered judgments on the theft convictions during a hearing at which neither the defendant nor his attorney was present. The defendant subsequently moved the court to vacate its order reinstating the theft convictions; the trial judge denied the motion and later imposed sentence on the defendant.

Defendant contends that, since this court on the original appeal entered its order and issued its mandate reversing the burglary conviction and did not remand the cause to the trial court for any purpose, the trial court had no authority or jurisdiction to act outside this court's mandate. The State maintains that when the trial court, on March 14, 1977, vacated the judgments it had entered on the theft convictions, it did so because the trial court believed that under the case law it did not have authority to enter judgments on the theft charges in view of the judgment on the burglary charge. The State then asserts that the theft convictions were incomplete judgments implicitly attendant to the defendant's original appeal on the burglary charge and that, upon reversal of the burglary conviction, the trial court regained jurisdiction for imposition of sentence on the incomplete judgments on the theft charges.

■■ It is a basic rule of law in Illinois that with few exceptions, none here applicable, the proper filing of a notice of appeal causes the jurisdiction of the reviewing court to attach instanter and concomitantly deprives the trial court of jurisdiction of the cause. (*Sherman v. Sherman* (1979), 74 Ill. App. 3d 451, 455; *Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 597; *People v. Kleba* (1971), 1 Ill. App. 3d 563, 565; see *People v. Long* (1977), 55 Ill. App. 3d 764, 778.) The original appeal to this court was perfected when the defendant properly filed his notice of appeal, pursuant to Supreme Court Rule 606(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 606(a)), with the clerk of the trial court on April 14, 1977. Thus, the reviewing court gained jurisdiction of the cause, and the trial court accordingly lost jurisdiction, at that time.

It is equally well established that a reviewing court retains jurisdiction of the cause until it issues its mandate and that the mandate of a reviewing court gives the trial court jurisdiction to do only that which the mandate requires. (*Thomas v. Durchslag* (1951), 410 Ill. 363, 365; *People v. Dukett* (1975), 33 Ill. App. 3d 863, 865; *People v. Street* (1974), 19 Ill.

App. 3d 541; *People v. Bain* (1973), 10 Ill. App. 3d 363, 364; *Hamilton v. Faulkner* (1968), 96 Ill. App. 2d 415, 418; see *Hornof v. The Kroger Co.* (1968), 40 Ill. 2d 545, 546.) The court in *Hamilton v. Faulkner* stated the rule as follows:

> "Where, after reviewing a case on its merits, this court reverses the judgment of the trial court or reverses and remands the cause to that court with directions to enter a specific judgment, there is nothing for that court to decide or to determine. Neither the trial court nor the parties have any authority to take any further action in the case except such as is necessary to carry out the mandate of the reviewing court. [Citation.]" 96 Ill. App. 2d 415, 418.

Thus, where a reviewing court reverses without remanding the cause to the court below, there is nothing further for the lower court to determine. When the trial court acts outside the scope of the reviewing court's mandate and hence beyond its own authority or jurisdiction, the trial court's order will be reversed and vacated. *Martin v. Prairie Rod & Gun Club* (1978), 65 Ill. App. 3d 952, 955.

The State's contention that the effect of this court's mandate in *People v. Baker* was to reverse the burglary conviction and remand the two "incomplete" theft convictions to the trial court for the imposition of sentence is without merit for at least two reasons. In the first place, the record indicates that the trial judge vacated the judgments entered on the theft convictions and did not merely refrain from imposing sentence on the convictions. The word used by the court, both in its original order of March 14, 1977, and its reinstatement order of April 28, 1978, and the word employed by the State in its motion during the original sentencing hearing was "vacate." Since a judgment which is vacated is entirely destroyed (23 Ill. L. & Prac. *Judgments* §209 (1979); Black's Law Dictionary 1388 (5th ed. 1979)), there were no incomplete judgments upon which the trial court could have entered sentence.

Secondly, even if we assume for the sake of argument that the trial court had not vacated the judgments of conviction but rather had only failed to impose sentence thereon, the State's position is still without merit. The State has cited no relevant authority for its novel proposition that an outright reversal by this court impliedly carries with it a remandment for the imposition of sentence on alleged incomplete judgments of conviction. Nor has our independent research discovered any authority in support of this unique theory.

Recent cases have determined that a reviewing court has the authority to remand the cause for entry of sentence on a judgment of conviction for which no sentence has been imposed by the trial court as long as the cause is properly appealed from a final judgment of conviction on another offense. The effect of the remanding order is to allow the trial

court to complete its order and render the judgment final by imposing sentence. (*E.g., People v. Scott* (1977), 69 Ill. 2d 85, 87-89; *People v. Wilkins* (1980), 83 Ill. App. 3d 41, 44-45; *People v. Howard* (1979), 78 Ill. App. 3d 858, 867-69; *People v. Watson* (1979), 76 Ill. App. 3d 931, 940; *People v. Daniels* (1978), 67 Ill. App. 3d 663, 671; *People v. Woods* (1978), 61 Ill. App. 3d 676, 681-84.) However, these cases do not support the State's position here; in fact, they militate strongly against it.

A reading of these cases indicates that in all of them (1) the State had raised the remandment issue and had argued that the court should remand the cause to the trial court for sentencing and (2) the reviewing court had, in fact, remanded the cause for entry of sentence on the judgment of conviction for which no sentence had been imposed. By contrast, here the State did not raise the remandment question during the defendant's first appeal; nor did this court remand the cause to the trial court for further disposition.

Moreover, the clear import or teaching of these cases is that the State could have raised the question of the trial court's failure to impose sentence on the alleged incomplete judgments during the course of the defendant's first appeal and could have requested that this court's mandate include a remand with directions to complete the original theft judgments of conviction. As pointed out above, the State failed to do so.

Furthermore, the State's oversight in not raising the issue of the purported incomplete judgments during the earlier appeal is compounded by the fact that the State did not petition this court, pursuant to Supreme Court Rule 367(a)(Ill. Rev. Stat. 1977, ch. 110A, par. 367(a)), for a rehearing to seek a remandment of the cause to the trial court for the imposition of sentence in order to complete the alleged incomplete theft judgments. Absent a petition for rehearing, this court's judgment in *People v. Baker* (1978), 59 Ill. App. 3d 100, became final and precluded the State from seeking the reinstatement of the vacated judgments. See *Hamilton v. Faulkner,* at 418.

■ We therefore find that the trial court did not have jurisdiction to reinstate the judgments on the theft charges or to enter sentence on them, and the judgments and sentence of the trial court on the theft convictions are reversed and vacated.

Reversed.

SEIDENFELD, P. J., and WOODWARD, J., concur.