THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE McBRIDE *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 81—373, 81—482 cons.

Opinion filed April 5, 1983.

Steven Clark and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Shapiro, and Joseph L. Ponsetto, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

Defendants, Willie McBride, Wayne Black and Rita Hughes, were convicted of robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—1) and home

invasion (Ill. Rev. Stat. 1981, ch. 38, par. 12—11) following a bench trial. Each defendant was sentenced to a term of six years imprisonment. In a consolidated appeal, the defendants challenge their convictions, asserting the following: (1) the trial court mistakenly granted the State's motion to reinstate the case against McBride after the State's appeal of an order quashing McBride's arrest and suppressing her statement was dismissed and prior to the issuance of this court's mandate; (2) the trial court erroneously admitted a photocopy of Hughes' statement into evidence; and (3) the State failed to present sufficient corroborative evidence linking defendants to the crime in spite of the statements.

According to the trial testimony of the complaining witness, Victor Ristich, the defendants broke into his house and took some money. Ristich stated that at about 11 a.m. on June 9, 1980, he and his wife were in their home at 2423 West Pensacola in Chicago watching television in the front area of the house. Ristich heard someone call out the name of the woman who lived in the upstairs apartment. Suddenly, a man came in from the kitchen area of the Ristich house and put a sack over Ristich's head and dragged him into a bedroom. While in the bedroom, Ristich heard a female voice say: "Put the pillow on his face and keep him quiet." Ristich later identified the voice as that of Willie McBride who had worked for the Ristichs as a nurse's aid and housekeeper for nearly a year until one week before the incident. During a preliminary investigation of the crime, Willie McBride's name was given to police by the victims. The police obtained McBride's address from the employment service that had placed McBride with the Ristichs. The police proceeded to McBride's address without a warrant and arrested her and the four other people in the apartment at the time.

The other individuals arrested with McBride were released. McBride signed a statement which detailed the crime and implicated Hughes and Black. Hughes was arrested on June 12, 1980, and Black surrendered to police when he heard they were looking for him.

Each defendant filed pretrial motions to quash the arrests and to suppress the statements.[1] The trial court heard each defendant's motion separately. During the early stages of the supression hearing on behalf of McBride, the assistant State's Attorney, responding to a

---

[1]McBride filed one motion entitled, "Petition to Suppress Evidence." By this petition, McBride claimed to have been illegally arrested and detained and that the statement she signed was the "fruit" of that unlawful detention and should be suppressed.

question by defense counsel, suggested that the suppression of McBride's statement would be a moot issue if her arrest was quashed. The trial court subsequently granted McBride's motion.

The State filed a notice of appeal challenging the trial court's order which sustained defendant's "Motion to Quash Arrest and Suppress Evidence." The State later filed a motion to dismiss its appeal of that order which was granted. Prior to the issuance of this court's mandate, the State filed a motion in the trial court requesting that the case against McBride be reinstated and that the trial court entertain a motion regarding the issue of attenuation.[2] The trial court granted the State's motion and, following a hearing, ruled that the illegality of McBride's arrest was attenuated and that her statement was admissible. The motions to quash the arrests and suppress the statements of Hughes and Black were subsequently denied.

During the suppression hearings for Hughes and Black, Officer Richard Cauble of the Chicago police department testified on behalf of the State that he was involved in the interrogation of all three defendants and was present while their statements were taken. McBride and Hughes claimed that they were coerced into signing the statements, while Black said that he did not make a statement to the police. However, Officer Cauble testified that McBride explained that she had attempted to rob the Ristichs earlier in the day on Friday, June 8, 1980, but was interrupted by a neighbor. On Friday evening, McBride discussed with Hughes, Black and Ann Davenport a plan for them to rob the Ristichs the following day. The following day all four took the el to Wilson Avenue and then a cab to the Ristichs' house on Pensacola Street. Ann cut the back screen door and called out the name of "Angie," who lived upstairs. As they broke in, Black struggled with Mr. Ristich, dragging him into a bedroom. Mrs. Ristich told them there was money in a tool box in another bedroom. After they took the money and left, Ann suggested that they take the tool box to an apartment in the area and split the money. The statements of Hughes and Black were, according to Officer Cauble, substantially the same as that given by McBride.

During the bench trial which followed, defendants offered alibi

---

[2]The State's motion was entitled, "Motion to Re-Instate Case on Trial and Petition for Rehearing on Attenuation." Although we recognize that a confession or statement obtained as a result of an illegal arrest may be so "attenuated" by intervening events that it is removed from the tainted fruit doctrine and is thereby admissible (*People v. Martin* (1966), 240 Cal. App. 2d 653, 657-58, 49 Cal. Rptr. 888, 891), our research has not uncovered the common use or recognition in Illinois of a "Motion of Attenuation."

testimony to show that they were not at the Ristichs' house on June 9, 1980. The testimony on behalf of the State was essentially the same as that offered at the suppression hearings. Following argument, the trial court took the matter under advisement, subsequently finding each defendant guilty of robbery and home invasion.

## I

Defendants first argue that the trial court erred when it entertained the State's motion to reinstate the case against McBride and to hear the issue of attenuation. According to McBride, the circuit court did not have jurisdiction to entertain the State's motion before this court issued its mandate.[3] The State contends that the trial court could entertain its motion since this court had already dismissed its appeal and the issue on appeal was different than that asserted in the motion on attenuation. The State argues that "the court, rather than delay the trial further, was acting in a quasi *nunc pro tunc* manner, which should not be challenged." We cannot agree.

■ "It is a basic rule of law in Illinois that with few exceptions *** the proper filing of a notice of appeal causes the jurisdiction of the reviewing court to attach instanter and concomitantly deprives the trial court of jurisdiction of the cause. *** It is equally well established that a reviewing court retains jurisdiction of the cause until it issues its mandate ***." (*People v. Baker* (1980), 85 Ill. App. 3d 661, 662, 406 N.E.2d 1152; *People v. Circella* (1972), 6 Ill. App. 3d 214, 216, 285 N.E.2d 254 (where the court found that the trial court acted improperly by authorizing the State's motion to withdraw an appeal of an order quashing a search warrant and reinstating the original charges).) The filing of a notice of appeal is a jurisdictional step, and the only actions the trial court may take in the matter subsequent to the notice of appeal being filed are purely ministerial. (*People v. Circella* (1972), 6 Ill. App. 3d 214, 216.) Following a ruling on a pretrial motion, the State is authorized to perfect an interlocutory appeal within 30 days. (87 Ill. 2d Rules 604(a), 606; see *People v. Wagner*

---

[3]The following chronology occurred in this case:
1. January 11, 1980: defendant McBride filed motion to quash;
2. February 19, 1980: trial court granted McBride's motion;
3. March 19, 1980: State filed notice of appeal;
4. May 27, 1980: State's motion to dismiss appeal granted;
5. May 30, 1980: State moves trial court to reinstate the case against McBride and hear the issue of attenuation;
6. July 28, 1980: mandate of the appellate court dismissing State's appeal of motion to quash issued.

(1981), 100 Ill. App. 3d 1051, 1053, 427 N.E.2d 985, *appeal denied* (1982), 88 Ill. 2d 554.) However, the State's failure to appeal within the time limit or its abandonment of such an appeal, constitutes a bar to further consideration of the propriety of the trial court's ruling by another judge of that court in a later proceeding. (*People v. Circella* (1972), 6 Ill. App. 3d 214, 216.) Within the 30-day period, the remedy of appeal is not exclusive nor will it preclude a petition for reconsideration prior to filing a notice of appeal. (*People v. Wagner* (1981), 100 Ill. App. 3d 1051, 1053.) If the State chooses to appeal the order and then abandons that remedy, it is collaterally estopped from reinstating that issue. *Cf. People v. Taylor* (1972), 50 Ill. 2d 136, 140, 277 N.E.2d 878.

▇ The State argues that a new issue (that of attenuation) was raised by its motion to reinstate the case against McBride. According to the State, the only issue raised by its abandoned appeal was the appropriateness of the trial court's action of quashing McBride's arrest and not the admissibility of McBride's statement. However, the State admitted in its brief and at oral argument before this court that it was erroneous for the assistant State's Attorney to have suggested that the issue of admissibility of McBride's statement would be moot if her arrest were quashed. The State urges this court to look beyond the State's error and to recognize that the issue which was appealed was not being reconsidered but that a previously undecided issue was being presented by its motion. We cannot agree. The State was bound by the posture it took at the suppression hearing regarding McBride's statement. When the trial court ordered the statement suppressed, the State chose to appeal that order. And, the notice of appeal stated the appeal was from the trial court's order allowing defendant McBride's motion to quash the arrest and suppress evidence.

▇ In the case at hand, the original appeal to this court was perfected on March 19, 1980, by filing its notice of appeal pursuant to Supreme Court Rule 606(a) (87 Ill. 2d R. 606(a)). The trial court lost jurisdiction on that date. It did not re-acquire jurisdiction, as discussed above, until the mandate was issued on July 28, 1980. Thus, the trial court had no jurisdiction to reinstate the case on May 30, 1980.

The State abandoned the prosecution of its appeal and is now precluded from reconsideration of those issues determined which, in this case, included the admissibility of McBride's statement. Even if there were facts in this case to show that the illegality of the arrest was attenuated (see *Brown v. Illinois* (1975), 422 U.S. 590, 600, 45 L. Ed. 2d 416, 425, 95 S. Ct. 2254, 2260; *People v. Townes* (1982), 91 Ill. 2d

32, 39, 435 N.E.2d 103, *cert. denied* (1982), 459 U.S. 878, 74 L. Ed. 2d 143, 103 S. Ct. 174), it would be inappropriate for us to address the issue of attenuation in light of our disposition of this matter. The circuit court did not have jurisdiction to consider the State's motion prior to the issuance of the appellate court's mandate. The reinstatement of the case against McBride was erroneous and the conviction must be reversed and the case remanded as to McBride.

## II

Defendants Hughes and Black, along with McBride, argue that their convictions must be reversed in spite of the statements they allegedly made to police because the State failed to offer sufficient corroborative evidence linking them to the crime. "The corroboration rule requires that the *corpus delicti* be proved by some evidence *aliunde* admission of a defendant." (*People v. Dalton* (1982), 91 Ill. 2d 22, 29, 434 N.E.2d 1127.) The *corpus delicti* need not be proved beyond a reasonable doubt by evidence independent of the confession but the evidence taken as a whole must show that a crime was committed and that the accused committed it. (*People v. Willingham* (1982), 89 Ill. 2d 352, 359, 432 N.E.2d 861.) Once independent evidence establishes the fact that a crime did occur, there is no reason to ignore a confession when considering whether the *corpus delicti* has been established.

■ Here, defendants made statements to the police admitting involvement in the crime. Hughes claims to have been coerced into signing the statement and Black contends that he never made a statement and that he refused to sign a confession when asked to do so by police. Following a suppression hearing, it was determined that the statements were admissible against Hughes and Black. The State proved, through the testimony of the victim of the crime and the investigating police officers, that the crime did occur. Such independent evidence corroborated the facts contained in the statements and established the *corpus delicti. People v. Willingham* (1982), 89 Ill. 2d 352, 359, 432 N.E.2d 861.

## III

■ Defendants contend that the trial court erred by admitting a copy of Hughes' statement without adequate explanation for the absence of the original. It is undisputed that an original of Hughes' statement did exist and that it was unavailable for trial. The testimony was that the copies fairly and accurately reflected the original. The trial court was satisfied that the copy was authentic and that a

diligent effort to locate the original was made. We agree. (See *People v. Bowman* (1981), 95 Ill. App. 3d 1137, 420 N.E.2d 1085.) We are satisfied from the record that the trial court's decision was not erroneous.

## IV

■ Defendants further argue that the evidence as a whole reveals conflicts between the statements and the testimony of the State's witnesses. However, our review of the record reveals that any alleged discrepancies between the confessions and the independent evidence are minor and do not create inconsistencies requiring reversal of defendants' convictions. From our review of the record, we are satisfied that the evidence established defendants' guilt beyond a reasonable doubt.

For the reasons herein stated, the trial court's decision to reinstate the case against Willie McBride is reversed and the cause is remanded for proceedings consistent with the views expressed herein. The convictions of defendants Hughes and Black are affirmed.

The judgment of the circuit court of Cook County is affirmed in part and reversed and remanded in part.

STAMOS and HARTMAN, JJ., concur.