THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHERINE M. BOWEN, Defendant-Appellant.

First District (2nd Division)   No. 83—2492

Opinion filed May 28, 1985.—Rehearing denied June 26, 1985.

James J. Doherty, Public Defender, of Chicago (Debra A. Zisook, John Lanahan, Ronald P. Alwin, and Robert Gevirtz, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Mary Ellen Dienes, and Daniel R. Carter, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant appeals from a sentence of natural life imprisonment imposed after this court remanded this cause for resentencing. Defendant was found guilty by a jury of murder, attempted murder and armed robbery after she shot and killed a security guard and injured another person after stealing merchandise from a clothing store. Although defendant was eligible for the death penalty, the trial court found that mitigating factors existed which precluded the imposition of that sentence. The court then imposed a sentence of natural life imprisonment, finding that defendant's crime had been accompanied by exceptionally brutal or heinous conduct indicative of wanton cruelty.

Defendant's convictions were affirmed on appeal, but this court vacated the sentences and remanded the cause for resentencing, finding that the trial court had erred in permitting defendant to waive a presentence investigation report. (*People v. Bowen* (1983), 112 Ill. App. 3d 1158 (Rule 23 order).) Upon remand for resentencing, the trial court reversed its finding of brutal or heinous conduct and found that no circumstances existed which would permit the imposition of an extended-term sentence under section 5—8—2 of the Criminal Code of 1961. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2.) The court then resentenced defendant to natural life imprisonment, this time under the felony murder provisions of the Code. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(1)(b).) Defendant appeals her sentence.

Defendant initially challenges the constitutionality of section 5—8—1(a)(1) of the Code. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(1).) Defendant notes that because she was not eligible for an extended-term sentence under section 5—8—2 of the Code, the only sentences applicable to her are 20 to 40 years' imprisonment for murder under section 5—8—1(a)(1)(a), natural-life imprisonment for felony murder under section 5—8—1(a)(1)(b), or death under section 9—1(b)(6) (Ill. Rev. Stat. 1983, ch. 38, par. 9—1(b)(6)), and argues that this sentencing scheme infringes upon her constitutional right to due process because there is no provision under which the court may sentence her to any term of imprisonment greater than 40 years but less than natural life. Defendant contends that the sentencing statute irrationally curtails the discretion of the sentencing court by failing to provide an incremental range of penalties.

■ Statutes enjoy a strong presumption of constitutionality, and the burden of showing invalidity is on the party challenging the enactment. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 499, 431 N.E.2d

344.) Defendant in the instant case presents no relevant case law in support of her due process argument, and we find that she has not sustained the burden of showing the statute to be invalid.

The first decision cited by defendant, *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407, involved an equal protection challenge to the validity of the Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—1 *et seq.*). The argument was that classifying marijuana under the Narcotic Drug Act, rather than under the Drug Abuse Control Act (Ill. Rev. Stat. 1969, ch. 111½, par. 801 *et seq.*), was an improper classification under then present state of knowledge. The *McCabe* decision is not supportive of defendant's due process argument in the instant case.

Defendant also cites *People v. Wisslead* (1983), 94 Ill. 2d 190, 446 N.E.2d 512, in which our supreme court held that the armed-violence statute as applied to the unlawful-restraint statute violated the constitutional assurances of proportionate penalties and due process because it punished those less serious crimes with a greater penalty than the more serious crimes of armed violence and kidnaping; *People v. Wagner* (1982), 89 Ill. 2d 308, 433 N.E.2d 267, in which the court held that a statute providing a greater penalty for delivery of what is misrepresented to be a controlled substance than for delivery of a genuine controlled substance denied defendant due process and was unconstitutional; and *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, in which the court struck down, on due process grounds, a provision of the Illinois Controlled Substances Act which permitted a greater penalty for possession of a certain controlled substance than for delivery of the same substance. The court found that this sentencing scheme was "not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public." 79 Ill. 2d 410, 418.

These three decisions condemn the disproportionality of sentences in relation to the crimes they are designed to punish. Such is not defendant's argument in the instant case. Here, defendant argues that the sentencing statutes do not provide an incremental range of penalties for her crimes. Defendant has cited no case law in support of her constitutional challenge to the murder sentencing statute, and our research indicates that no such authority exists. We therefore find that defendant has failed to rebut the presumption of the statute's constitutionality.

■ Defendant next contends that the trial court abused its discretion in sentencing her to natural-life imprisonment because it failed to consider her potential for rehabilitation.

A trial judge's decision regarding sentencing is entitled to great deference and weight, and absent an abuse of discretion by the trial court, a sentence may not be altered on review. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882.) A sentence appealed from is presumed to be proper, and only where such presumption has been rebutted by an affirmative showing of error will a reviewing court find it to be an abuse of discretion. See *People v. Spinks* (1980), 80 Ill. App. 3d 1096, 1099, 400 N.E.2d 634.

In the instant case, an examination of the record indicates that the trial court considered all the relevant factors of the case, including the evidence presented at the hearing in aggravation and mitigation, in reaching its decision as to sentencing. The record also shows that the court expressly considered defendant's potential for rehabilitation and found that a sentence of 20 to 40 years was inappropriate given the severity of defendant's crime. Although the court lamented its inability to impose an extended-term sentence of 40 to 80 years' imprisonment under section 5—8—2(a)(1) of the Code, having found that defendant's crime was not "accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty," it stated:

> "I feel I have absolutely no alternative considering all the facts of the case, the presentence investigation, the testimony here that I have received in the hearing in aggravation and mitigation, standing and relying upon all the comments and observations I've made heretofore when I originally sentenced you to life imprisonment without parole, because of those factors in aggravation that in fact your conduct did in fact cause the death of Coleman Moore and threatened immediate death of Katherine Bailey, close proximity of the firing of a weapon, a miracle she survived because of the turning momentarily prior to you firing, that I have considered your past history of criminal conduct, there is no violence in it, because of your very words I can presume that your antisocietal conduct in the future, because the sentence is necessary to deter others, and because I feel your total conduct in this case has been indicative of wilful and wanton disregard of human life, I feel I have no alternative but to reimpose a life sentence without parole."

After thoroughly examining the record, we find that this statement clearly indicates that the trial court considered all the relevant facts of the case, and that the sentence is appropriate under the circumstances of the case. We therefore find that the trial court did not abuse its discretion in sentencing defendant to natural life imprisonment.

The decision of the circuit court is affirmed.

Affirmed.

PERLIN and BILANDIC, JJ., concur.