THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLARENCE DACE, Defendant-Appellant.

Third District No. 3—88—0439

Opinion filed May 2, 1989.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Edward F. Masters, State's Attorney, of Joliet (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant Clarence Dace appeals his conviction for criminal sexual assault. The defendant, who represented himself at trial, was convicted by a jury in May 1988. At the sentencing hearing the defendant, who was then represented by appointed counsel, was sentenced to a term of 15 years' imprisonment.

On appeal the defendant contends: (1) his right to confrontation was violated where he was precluded from questioning inmate witnesses about the charges they faced; (2) he was denied a fair trial because two uniformed guards were in the courtroom during his trial; (3) the trial court erred in admitting third-party testimony of prior hearsay statements made by the complainant; and (4) he was denied a fair trial due to prosecutorial misconduct during closing arguments.

The record reveals that the victim, Allan Schwartz, was in custody in the Will County jail during the early morning hours of January 27, 1988. At approximately 1 a.m., Schwartz was accused of

cheating at cards and beaten by two other inmates. According to Schwartz, he was forced to submit to anal intercourse with the defendant and another inmate.

The prosecution's case included the testimony of two Will County inmates and Will County guard Michael Robinson. In support of his defense, the defendant presented the testimony of three Will County inmates and treating physician Dr. Joseph Stewart.

The jury found the defendant guilty of criminal sexual assault, and at the defendant's request, the public defender was appointed to handle post-trial motion and sentencing. The defendant was subsequently sentenced to 15 years' imprisonment.

The defendant first argues his right to confrontation was violated when he was precluded from questioning inmate witnesses about the charges they faced.

Before the jury was selected, the State filed a motion *in limine* seeking to bar the defendant from asking the inmate witnesses why they were in the Will County jail. The trial court granted the State's motion, saying:

> "I think he can inquire as to whether or not any offers were made to them, to procure their testifying in this case to show the witness bias or prejudice. That can be done Mr. Dace, without going into reasons why the [witnesses] are downstairs in the county Jail.
>
> I don't want to get involved in the history of why those people are down there."

The State's first response to the defendant's contention is that the issue was waived because the defendant failed to include an objection in his post-trial motion. The record reveals the defendant did object to the trial court's ruling during the motion *in limine* hearing. While the issue was not raised in a post-trial motion, we consider the issue under the plain error doctrine (107 Ill. 2d R. 615(a)) because it appears that the failure to allow cross-examination on this matter prejudiced the defendant. *People v. Paisley* (1986), 149 Ill. App. 3d 556, 500 N.E.2d 96.

In *People v. Triplett*, the court held that the defendant was denied his right to confront witness against him when the circuit court precluded cross-examination of the State's juvenile occurrence witness to show that the witness was in custody at the time he was testifying against the defendant. (*People v. Triplett* (1985), 108 Ill. 2d 463, 485 N.E.2d 9.) The *Triplett* court felt a pending charge against a witness may indicate that the witness' testimony is influenced by interest, bias or a motive to falsify.

In the present case the trial court allowed the defendant to ask the inmate witnesses whether they had been granted or promised leniency on their pending charge. However, the defendant was not permitted to cross-examine the witnesses as to the reasons why the witnesses were incarcerated.

■■ ■ The State argues that because the defendant was allowed to cross-examine the witnesses about any promise of leniency, defendant could have established the existence of a pending charge. Contrary to the view of the State, bias impeachment cannot be confined to formal offers of leniency from the prosecution. The United States Supreme Court has held that revealing a witness' possible biases, prejudices or ulterior motives was " a proper and important function of the constitutionally protected right of cross-examination." (*Davis v. Alaska* (1974), 415 U.S. 308, 316, 39 L. Ed. 2d 347, 354, 94 S. Ct. 1105, 1110.) Consequently, we hold that the trial court's order *in limine* improperly restricted the defendant's cross-examination of important witnesses against him, resulting in prejudice of sufficient magnitude to require the defendant be granted a new trial.

Having already found that the defendant is entitled to a new trial, this court will, in the interest of judicial economy, address the remaining issue which is likely to arise on retrial.

The issue to be addressed is whether the defendant was prejudiced by the admission of statements made by the complainant to Will County deputy Michael Robinson.

At trial Officer Robinson testified that on January 27, 1988, Allan Schwartz came to him and told him he wanted to be moved to another housing unit. Robinson stated that Schwartz told him a couple of guys tried to molest him.

Robinson then removed Schwartz from his cell and brought him to an interview room. Schwartz then related to Robinson the details of what had happened to him. According to Robinson, Schwartz could not name the inmates who assaulted him, so Robinson took him to a board containing pictures of all the inmates. Schwartz pointed to the three men he claims assaulted him, one of them being Clarence Dace. Robinson was then asked if the person whom Schwartz identified was present in the courtroom. Robinson stated that he was and proceeded to point to the defendant.

■ The Illinois Supreme Court has sanctioned the admission of identification testimony, relying upon the availability of the declarant for cross-examination. (*People v. Rogers* (1980), 81 Ill. 2d 571, 411 N.E.2d 223.) In *Rogers*, the court held that testimony of a third person to an out-of-court identification by another witness is admissible if

the witness also testifies and is subject to cross-examination.

█ Robinson's testimony in the instant case was received by the court after the identifying witness, Schwartz, had testified and was subject to cross-examination. The effect of Robinson's testimony was to corroborate Schwartz' identification of the defendant. Consequently, this testimony was properly received under the principles set forth in *Rogers*.

Finally, it is necessary for this court to acknowledge the defendant's filing of a *pro se* supplemental brief. The defendant argues his conviction should be reversed because of the failure of the jury to have any black members on it. In the view we have taken of this case, it is unnecessary to consider or resolve any issue regarding the make-up of the jury.

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and remanded for a new trial with directions to proceed in accordance with the views expressed herein.

Reversed and remanded.

BARRY and HEIPLE, JJ., concur.